RECEIVED

JAN 27 2026

KELLY L. STEPHENS, Clerk

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

JOHN KLOSTERMAN,
    Plaintiff-Appellant,

v.

Case No. 25-4021

KONZA, LLC; RICHARD BOYDSTON;
DENTONS BINGHAM GREENEBAUM, LLP;
TRI-STATE ORGANIZATION, INC.; et al.,
    Defendants-Appellees.

---

## APPELLANT'S REPLY TO APPELLEES' JOINT OPPOSITION TO EMERGENCY MOTION FOR INJUNCTION AND STAY PENDING APPEAL

---

### INTRODUCTION

Appellees' Joint Opposition fundamentally mischaracterizes both the relief Appellant seeks and this Court's authority to grant it. Appellees argue that Federal Rule of Appellate Procedure 8 "does not empower this Court to take the action Appellant seeks" because Appellant is not asking to stay the district court's dismissal order. This argument fails for three independent reasons: (1) Rule 8(a)(1)(C) expressly authorizes injunctions pending appeal, not merely stays of lower court orders; (2) the All Writs Act, 28 U.S.C. § 1651, provides independent authority to issue any order necessary to protect this Court's appellate jurisdiction; and (3) the Anti-Injunction Act's Mitchum exception expressly authorizes federal court injunctions of state proceedings when necessary to enforce civil rights claims under 42 U.S.C. § 1983.

Appellees' position, if accepted, would create an absurd result: defendants who commit fraud during state court receivership proceedings could escape federal RICO and civil rights liability simply by

accelerating state court proceedings to moot the federal appeal before this Court can rule on the merits. That is precisely what is occurring here.

## ARGUMENT

### I. RULE 8 AUTHORIZES INJUNCTIONS, NOT MERELY STAYS

Appellees selectively quote Rule 8 to suggest this Court may only "stay the judgment or order of a district court pending appeal." This is a misrepresentation of the rule's scope.

Federal Rule of Appellate Procedure 8(a)(1) states in full: "A party must ordinarily move first in the district court for the following relief: (A) a stay of the judgment or order of a district court pending appeal; (B) approval of a bond or other security provided to obtain a stay of judgment; or ***(C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.***" (emphasis added).

Subsection (C) expressly authorizes this Court to grant injunctions "while an appeal is pending." This authority is independent of subsection (A)'s stay provision. Appellant's Emergency Motion seeks an injunction under Rule 8(a)(1)(C)—not merely a stay of the dismissal order under subsection (A).

Appellees' argument that "there is nothing to stay" because the district court dismissed Appellant's claims without affirmative relief is a straw man. Appellant is not seeking to stay the dismissal. Appellant is seeking an injunction under Rule 8(a)(1)(C) to prevent state court proceedings from mooting this appeal while it is pending.

### II. THE ALL WRITS ACT PROVIDES INDEPENDENT AUTHORITY

2

Even if Rule 8 were as narrow as Appellees suggest, the All Writs Act provides this Court independent authority to issue "all writs necessary or appropriate in aid of [its] jurisdiction." 28 U.S.C. § 1651(a).

The Sixth Circuit has long recognized its authority under the All Writs Act to stay state court proceedings that threaten to moot pending federal appeals. See In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993) ("A court of appeals has inherent power to stay proceedings in a lower court or in a state court where necessary to protect its appellate jurisdiction.").

Here, if state court tax foreclosure proceedings and building code enforcement actions continue unchecked, they will render Appellant homeless and destroy his properties while this appeal is pending—thereby mooting any remedy this Court could award even if Appellant prevails on the merits. The All Writs Act empowers this Court to prevent that outcome.

### III. THE MITCHUM EXCEPTION TO THE ANTI-INJUNCTION ACT APPLIES

Appellees implicitly invoke the Anti-Injunction Act, 28 U.S.C. § 2283, by suggesting federal courts cannot enjoin state proceedings. This argument fails because Appellant's civil rights claims under 42 U.S.C. § 1983 fall within an express exception to the Anti-Injunction Act.

In Mitchum v. Foster, 407 U.S. 225, 238 (1972), the Supreme Court held that § 1983 is an "expressly authorized" exception to the Anti-Injunction Act because it was "designed to provide immediate access to the federal courts notwithstanding any state court proceeding." When a plaintiff asserts federal civil rights violations, the federal court may enjoin state proceedings that threaten to frustrate those federal rights.

Appellant's complaint includes claims under 42 U.S.C. § 1983 for deprivation of constitutional rights under color of state law. The Mitchum exception permits this Court to enjoin the state court proceedings that Appellees now claim are beyond federal reach.

## IV. APPELLEES' ARGUMENT PROVES THE NEED FOR INJUNCTIVE RELIEF

Appellees' own argument demonstrates why injunctive relief is necessary. They argue there is "nothing to stay" in the district court—which means Appellant has no mechanism to protect his rights except through this Court.

Consider the practical result if Appellees' position were correct:

1. Defendants allegedly commit RICO violations and civil rights violations through fraudulent state court receivership proceedings;

2. Plaintiff files federal RICO and civil rights action;

3. District court dismisses, but plaintiff appeals;

4. While appeal is pending, defendants accelerate state court proceedings to foreclose plaintiff's home and destroy remaining properties;

5. Federal appeal is mooted because plaintiff has lost everything and no remedy is possible;

6. Defendants escape federal liability entirely.

This result cannot be what Congress intended when it created federal RICO and civil rights remedies. The All Writs Act exists precisely to prevent such outcomes.

## V. THE TIMING OF STATE PROCEEDINGS CONFIRMS COORDINATION

The timing of events further demonstrates the need for injunctive relief:

4

- December 10, 2025: District court dismisses Appellant's case

- December 23, 2025: Appellant files Notice of Appeal

- Week of December 23, 2025: Tax foreclosure summary judgment proceedings initiated against Appellant's residence

- January 3, 2026: Appellant receives summary judgment notice with days to respond

The coordinated timing—initiating summary judgment proceedings the same week Appellant filed his federal appeal—suggests the state proceedings are designed to overwhelm a pro se appellant and moot the federal appeal. Whether this timing represents actual coordination or merely coincidence, the effect is the same: without injunctive relief, Appellant will lose his home while this Court considers his appeal.

## VI. ROOKER-FELDMAN DOES NOT BAR THIS COURT'S JURISDICTION

To the extent Appellees suggest this Court cannot enjoin state proceedings because doing so would violate Rooker-Feldman, that argument fails. The Sixth Circuit has repeatedly held that Rooker-Feldman does not bar federal claims against private parties who commit fraud during state court proceedings. Berry v. Schmitt, 688 F.3d 290, 298 (6th Cir. 2012); Tropf v. Fidelity Nat'l Title Ins. Co., 289 F.3d 929, 937 (6th Cir. 2002).

The Appellant is not asking this Court to overturn any state court judgment. Appellant seeks damages and injunctive relief against private parties—Receiver Richard Boydston, his law firm Dentons Bingham Greenebaum, Konza LLC, and others—who allegedly committed federal crimes and civil rights violations. The fact that these violations occurred through state court proceedings does not immunize private defendants from federal RICO and civil rights liability.

5

## VII. APPELLEES' ALTERNATIVE REQUEST FOR BRIEFING SCHEDULE SHOULD BE DENIED

Appellees alternatively request that, if this Court desires substantive briefs, it grant them fourteen days to respond. Given the emergency nature of this motion—with Appellant facing imminent tax foreclosure of his residence—any additional briefing should be expedited. Appellant respectfully requests that if additional briefing is required, this Court set a schedule of seven days rather than fourteen, or alternatively issue a temporary stay pending briefing.

## CONCLUSION

Appellees' Joint Opposition misrepresents both Rule 8 and this Court's authority. Rule 8(a)(1)(C) expressly authorizes injunctions pending appeal. The All Writs Act provides independent authority to protect appellate jurisdiction. The Mitchum exception permits federal courts to enjoin state proceedings when necessary to enforce civil rights.

Appellant respectfully requests that this Court deny Appellees' Joint Opposition, grant Appellant's Emergency Motion for Injunction and Stay Pending Appeal, and issue an injunction staying the state court tax foreclosure, summary judgment proceedings and municipal code enforcement actions until this appeal is resolved on the merits.

*/s/ John Klosterman*

Respectfully submitted,

/s/ John Klosterman
JOHN KLOSTERMAN, Pro Se Appellant
5615 Sidney Road
Cincinnati, Ohio 45238
(513) 250-2610
johncklosterman@gmail.com

## CERTIFICATE OF SERVICE

I certify that on January 27, 2026, the foregoing Reply was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by Email.

Rebecca P. Salley, Johnnie Fitzpatrick, Mark Manning
Assistant City Solicitors
801 Plum Street, Suite 214
Cincinnati, OH 45202
*Counsel for City of Cincinnati and Terry James*

Paul T. Saba, Jeffrey M. Nye, Bailey E. Sharpe
SSP Law Co., LPA
2623 Erie Avenue, Cincinnati, OH 45208
*Counsel for FRI Mason, LLC dba Keller Williams and Jennifer Donathan*

James D. Houston, Stephen E. Schilling
Strauss Troy Co., LPA
150 East Fourth Street, 4th Floor, Cincinnati, OH 45202
*Counsel for Konza, LLC, Richard Boydston, and Dentons Bingham Greenebaum LLP*

/s/ John Klosterman
JOHN KLOSTERMAN, Pro Se