**NOT RECOMMENDED FOR PUBLICATION**

No. 25-4021

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 9, 2026
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| JOHN KLOSTERMAN, ) | |
| ) | |
| Plaintiff-Appellant, ) | |
| ) | |
| v. ) | ON APPEAL FROM THE UNITED |
| ) | STATES DISTRICT COURT FOR |
| KONZA, LLC; RICHARD BOYDSTON; ) | THE SOUTHERN DISTRICT OF |
| DENTONS, BINGHAM AND GREENEBAUM, ) | OHIO |
| LLP; TRI-STATE ORGANIZATION, INC.; ) | |
| JOSEPH LENTINE, III; ANGEL STRUNK; ) | |
| JENNIFER DONATHAN; KELLER WILLIAMS ) | |
| REALTY; TERRY JAMES; CITY OF ) | |
| CINCINNATI, OH, ) | |
| ) | |
| Defendants-Appellees. ) | |

O R D E R

Before: BATCHELDER, MURPHY, and RITZ, Circuit Judges.

This matter is before the court upon initial consideration of appellate jurisdiction.

In an amended complaint, John Klosterman named ten defendants and asserted multiple claims, including conspiracy, malicious prosecution, and fraud. Seven of the defendants filed motions to dismiss. On December 10, 2025, the district court granted those motions and dismissed those seven defendants from the action. The order additionally denied Klosterman's request for leave to add additional claims of extortion. Klosterman has filed a notice of appeal from the December 10 order. He also moved for reconsideration of the order in the district court, but he has since withdrawn that motion.

This court has appellate jurisdiction over final decisions of the district courts, 28 U.S.C. § 1291, and limited categories of interlocutory orders, 28 U.S.C. § 1292; *see Cohen v. Beneficial*

*Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949); *Anderson v. Roberson*, 249 F.3d 539, 542-43 (6th Cir. 2001). A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Hall v. Hall*, 584 U.S. 59, 64 (2018) (quoting *Ray Haluch Gravel Co. v. Cent. Pension Fund of Operating Eng'rs & Participating Emps.*, 571 U.S. 177, 183 (2014)).

The district court's December 10, 2025 order is not final because it did not dispose of all claims involved in this action and did not direct entry of a final, appealable judgment under Federal Rule of Civil Procedure 54(b). *See Liberty Mut. Ins. v. Wetzel*, 424 U.S. 737, 742-45 (1976); *Solomon v. Aetna Life Ins.*, 782 F.2d 58, 59-60 (6th Cir. 1986). The partial dismissal also is not immediately appealable under either 28 U.S.C. § 1292 or the "collateral order" doctrine announced in *Cohen*. 337 U.S. at 546. And no final decision regarding the claims against the remaining defendants has been entered during the pendency of this appeal. *See Gillis v. U.S. Dep't of Health & Hum. Servs.*, 759 F.2d 565, 569 (6th Cir. 1985). As a result, this court lacks appellate jurisdiction.

Accordingly, the appeal is **DISMISSED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk